UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILL CROSBY, LARRY WALKER AND                          CIVIL ACTION
BYRON TAYLOR, ON BEHALF OF
THEMSELVES AND OTHER PERSONS
SIMILARLY-SITUATED

VERSUS                                                          No. 16-6700

COX COMMUNICATIONS, INC. AND
SUPERIOR TELECOM SERVICES, INC.                        SECTION I

ORDER AND REASONS

Before the Court is the motion[1] to dismiss filed by defendant Cox
Communications, Inc.  For the following reasons, the motion is granted in part and
denied in part.

I.

Plaintiffs, a group of former and current cable installers, allege that Cox and
co-defendant Superior Telecom Services[2] violated federal and state labor laws.  The
complaint claims that Cox intentionally engaged in a concerted scheme to avoid the
requirements of federal and state law by creating judgment-proof entities such as
Superior to formally "employ" cable installers, even though it was Cox that was
exercising true control over the installers' ultimate employment, pay, hours,
schedules, routes, conduct, and dress.  Plaintiffs allege that the scheme resulted in

---

[1] R. Doc. No. 22.
[2] Superior has since been dismissed without prejudice from the lawsuit because
plaintiffs have been unable to effect service.  *See* R. Doc. No. 32.

plaintiffs not being payed legally sufficient wages, and further enabled Cox to illegally take deductions and withholdings from plaintiffs' paychecks in derogation of Louisiana law.

Cox now moves to dismiss on the grounds that it did not constitute plaintiffs' employer for the purposes of federal and state labor law, and that the federal claims were not alleged with sufficient specificity.

## II.

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff. For the complaint to survive a motion to dismiss, the facts taken as true must state a claim that is plausible on its face. *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 634 (5th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (internal quotation marks omitted). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v.*

*Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation omitted) (internal quotation marks omitted).

### III.

### A.

Cox argues the Fair Labor Standards Act claim should be dismissed because Cox was not the plaintiffs' employer for the purposes of the Act.  Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The "remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications."  *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (internal quotation marks omitted).  Accordingly, "[t]he final and determinative question" in the FLSA employer analysis turns not on the technical formalities of the particular relationship, but rather on the economic reality of the relationship and "whether the personnel are so dependent upon the business with which they are connected that they come within the protection of" the Act.  *Mendoza v. Essential Quality Const., Inc.*, 691 F. Supp. 2d 680, 685 (E.D. La. 2010) (internal quotation marks omitted).

"[A]n individual can be employed by one employer or by more than one joint employer."  *Martin v. Bedell*, 955 F.2d 1029, 1034 n.10 (5th Cir. 1992). Joint employment exists if "employment by one employer is not completely disassociated from employment by the other employer."  29 C.F.R. § 791.2.

Courts in this district have differed as to the precise standard to apply for determining joint employment. Judge Fallon and Judge Barbier have both examined whether an employer is a joint employer by borrowing a five-part test laid out by the Fifth Circuit in *Reich v. Circle C. Investments, Inc.* The *Reich* test instructs a court to consider:

- The degree of control exercised by the alleged employer.

- The extent of the relative investments of the worker and alleged employer.

- The degree to which the worker's opportunity for profit and loss is determined by the alleged employer.

- The skill and initiative required in performing the job.

- The permanency of the relationship.

*See* 998 F.2d 324, 327 (5th Cir. 1993); *see, e.g.*, *Carnero v. Patterson Structural Moving & Shoring LLC*, 2015 WL 225362, at *2 (E.D. La. 2015); *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 2011 WL 1791292, at *3 (E.D. La. 2011).

Judge Berrigan has criticized the use of the five-factor *Reich* test when determining joint employer status. In her view, the *Reich* test was developed to analyze whether an individual was either (1) self-employed or (2) employed by a company, and it "is ill-suited to evaluate" cases where there is no dispute that the individual is employed by at least one company. *Martin v. Spring Break 83 Production, LLC*, 797 F. Supp. 2d 719, 727 (E.D. La. 2011), *aff'd*, 688 F.3d 247 (5th Cir. 2012). Judge Berrigan suggests scrapping the *Reich* factors, and focusing instead on whether there is "other evidence of dependency." *Id.*

4

The debate over the precise test to be applied and the propriety of the *Reich* factors largely overlooks the intended flexibility built into the Fifth Circuit's FLSA precedent.   The multi-factor *Reich* analysis was never intended to be a hard and fast test for resolving employer status in all cases; instead the *Reich* factors "are merely aids to analysis" when examining the economic reality of a particular relationship "and no single factor is determinative." *Thibault v. Bellsouth Telecomm., Inc.*, 612 F.3d 843, 846 (5th Cir. 2010).  As such, "nothing precludes the court from looking at" additional factors, *Schlesinger v. ES&H, Inc.*, No. 11-294, 2011 WL 3900577, at *3 n.1 (E.D. La. 2011), and "a party need not establish each element in every case," *Orozco*, 757 F.3d at 448.   Unsurprisingly then, the Fifth Circuit itself has applied different tests in different joint employment cases.  *Compare Watson v. Graves, Inc.*, 909 F.2d 1549, 1556 (5th Cir. 1990) (four-part test), *with Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968) (applying a five-part test that is distinct from the *Reich* test).

Following the Fifth Circuit's lead, this Court will focus at the motion to dismiss stage on the ultimate issue of whether the plaintiffs have alleged sufficient control by Cox and dependency by the plaintiffs to plausibly allege that Cox is the plaintiff's employer for the purposes of the FLSA.  To do so, the Court will examine the economic reality of the plaintiffs' relationship with Cox to see whether Cox "(1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment,

and (4) maintained employee records." *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir. 2012).

The plaintiffs' complaint alleges that Cox was engaged in a concerted scheme with Superior, all in the name of intentionally dodging the wage and pay protections set out by the FLSA. Under that concerted scheme, Superior was a mere judgment-proof figurehead for Cox, and it was actually Cox that was in *de facto* control of the plaintiffs' ultimate employment, pay, hours, schedules, routes, conduct, and dress. Given the fact-intensive nature of the economic reality analysis, as well as the requirement that the Court credit plaintiffs' plausible allegations on a motion to dismiss, such allegations are sufficient to survive a motion to dismiss. *See*, *e.g.*, *Carnero*, 2015 WL 225362, at *2 & n.1 (observing that "dismissal would be inappropriate at this 12(b)(6) stage" where the complaint alleged that an entity had "substantial control, partial supervision of the work, and authority over hours and pay" because the "first economic reality factor is plausibly alleged, and the other . . . heavily fact driven factors appear plausible"); *Mendoza*, 691 F. Supp.2d at 685-86 (noting that, notwithstanding the fact that parts of the economic reality analysis may weigh against a finding that a defendant was an employer under the FLSA, "the Court cannot determine at this stage whether th[at] would preclude the possibility of an employment relationship" because "[a]ccepting all well-pleaded facts as true and liberally construing all factual allegations in the light most favorable to the plaintiffs, it is plausible that [defendant] was plaintiffs' employer under the FLSA.").

6

Cox's counter-arguments fail to persuade. The facts alleged in *Hall v. DirectTV, LLC*, the principle case relied on by Cox, differ materially from the facts alleged in this case. *Compare* No. 14-2355, 2015 WL 4064692, at *2 (D. Md. 2015) ("[T]he amended complaint here alleges nothing that implies that the companies in the . . . Provider Network were undercapitalized . . . ."), *with* R. Doc. No. 1, ¶ 14(7) ("Cox . . . set[] up bogus, unfunded or 'judgment proof' entities as 'independent contractors' in an attempt to circumvent the provisions of the FLSA . . . ."). Indeed, *Hall* notes that, were there allegations that the nominal employer was just a judgment-proof charade, those allegations "would show, perhaps conclusively, . . . joint employer status" because "the FLSA cannot be avoided by an employer's abuse of corporate forms." 2015 WL 4064692, at *2. So *Hall* actually supports denying the motion to dismiss given the facts alleged here.

Likewise, the multitude of summary judgment opinions relied on by Cox, in which courts determined that cable companies did not constitute an employer of cable installers, do not persuade the Court that the complaint should be dismissed. Because those opinions were summary judgment opinions, those courts were free to reject unsupported allegations and examine evidence outside of the complaint in a way that this Court is not free to do on a motion to dismiss. Accordingly, though Cox's cases presage that plaintiffs may very well have an uphill battle against a well-argued summary judgment motion after discovery, the Court concludes that they cannot justify dismissing plaintiffs' case now.

**B.**

The complaint also alleges that the plaintiffs "regularly worked over 40 hours in a workweek in order to complete their job assignments," but the defendants "did not pay . . . for all hours worked in order to avoid overtime payments." R. Doc. No. 1, ¶ 13.  The parties dispute whether those allegations are specific enough to survive a motion to dismiss.

Everyone agrees that plaintiffs must plead that the defendants actually violated the FLSA.  *See, e.g.*, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013) (dismissing an FLSA claim when "[p]laintiffs have not alleged . . . they worked at least 40 hours and also worked uncompensated time in excess of 40 hours.").  That follows directly from *Bell Atlantic v. Twombly*'s requirement that a plaintiff actually allege that the defendant engaged in illegal conduct (and not just the possibility thereof).  *See* 550 U.S. 544, 557 (2007).  However, the parties disagree as to the additional level of detail that is necessary to plausibly allege an FLSA violation.

Defendants suggest that plaintiffs must "plead[] sufficient facts to put the defendants on notice as to the approximate date ranges, as well as the approximate number of hours worked for which the plaintiff claims he was under-compensated." *England v. Admins. of the Tulane Edu. Fund*, No. 16-3184, 2016 WL 3902595, at *3 (E.D. La. 2016) (internal quotation marks omitted)  Plaintiffs, meanwhile, argue that it is sufficient to allege that "they regularly worked more than 40 hours per

8

workweek, and that they were not paid time-and-a half for those overtime hours." *Hoffman v. Cemex, Inc.*, at No. 09-3144, 2009 WL 4825224, at \*3 (S.D. Tex. 2009).

This Court concludes that a plaintiff need not "identify the exact dates and times that [they] worked overtime," *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014),[3] particularly where, as here, the Complaint alleges that the defendants failed to keep proper records, *see* R. Doc. No. 1, ¶ 14(3)-(4).  However, at the same time, this Court "do[es] not agree" with plaintiffs' contention that "conclusory allegations that merely recite the statutory language are adequate." *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644 (9th Cir. 2015); *see also Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (plaintiff "was required to do more than repeat the language of the statute").

In order to survive a motion to dismiss, a plaintiff must plead additional factual details that "connect the dots" between the "bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts."  *Davis*, 765 F.3d at 243 n.7.  Those allegations must "provide some factual context" to "nudge" the "claim from conceivable to plausible."  *Dejesus*, 726 F.3d at 90 (internal quotation marks omitted).   A variety of additional facts can usually suffice to render a claim plausible.  *See Landers*, 771 F.3d at 645.

---

[3] *See also Boon v. Canon Business Solutions, Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015).

Plaintiffs' complaint falls just short of meeting that standard.   In particular, though plaintiffs' complaint alleges a variety of unpaid tasks,[4] and those allegations "raise the possibility that [p]laintiffs were undercompensated in violation of the FLSA," *Nakahata v. N.Y. Presbyterian Healthcares Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013), that "possibility is not the same as plausibility," *Landers*, 771 F.3d at 646. And plaintiffs' complaint contains no additional allegations, beyond repeating the statute, rendering plausible their allegation that the FLSA was violated.   Those allegations are "so threadbare . . . that they fail to cross the line between the conclusory and the factual." *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (internal quotation marks omitted).

Accordingly, the Court will dismiss the FLSA claim, but will grant leave to amend.  The Court further notes that it is not looking for precise allegations of each and every hour worked or dollar owed, but that the plaintiffs should draw on the very same "memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA" to plead "sufficiently developed factual allegations." *Dejesus*, 726 F.3d at 90.

---

[4] R. Doc. No. 1, ¶ 14 (1)-(3) (noting that defendants (1) "fail[ed] to record or pay wages for time worked prior to the start of their first job assignment, including, but not limited to, requiring [p]laintiffs to report to the company office before they went to their first job assignment and requiring employees to call from their personal phones to receive job assignments for the day," (2)  "fail[ed] to record or pay wages for the time worked subsequent to the end of their shifts" such as, "among other things, requiring [p]laintiffs to clean out their vehicles," and (3) "fail[ed] to record or pay wages for travel time between job assignments").

**IV.**

**A.**

Cox also moves to dismiss plaintiffs' claims that Cox violated La. Rev. Stat. §§ 23:631 and 23:632.  Cox argues that plaintiffs' claims must be dismissed because, among other reasons, the complaint does not allege that Cox failed to pay any wages on termination.[5]  Despite being on notice of Cox's argument,[6] and having had the opportunity to file two oppositions,[7] plaintiffs made no attempt at all to defend any such claims in their briefing to the Court.[8]  Accordingly, the Court holds that plaintiffs waived their opposition to dismissing the section 631 and 632 claims.  The claims will be dismissed with prejudice; granting leave to amend would be futile given plaintiffs' abandonment of the claim, as well as plaintiffs' apparent inability to plead sufficient facts despite already having had the opportunity to amend the complaint.[9]

**B.**

Cox also moves to dismiss plaintiffs' claim that Cox violated La. Rev. Stat. § 23:635. [10]  Section 635 provides that "No person, acting either for himself or as agent or otherwise, shall assess any fines against his employees or deduct any sum as fines from their wages."  Cox argues that, under Louisiana law, only the plaintiffs' payroll employer can be liable for violations of section 635.

But on questions of state law this Court must follow the Louisiana appellate courts unless the Court is convinced that "the Louisiana Supreme Court would decide

---

[5] R. Doc. No. 22-1, at 7-8.
[6] R. Doc. No. 12-1, at 7-8.
[7] R. Doc. No. 26; R. Doc. No. 24.

otherwise." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).

Cox does not persuade the Court that the Louisiana Supreme Court would see this

issue any differently than the Louisiana appellate courts that have already declined

to embrace Cox's argument. *See, e.g.*, *Williams v. Dutchtown Pharmacy, L.L.C.*, 24

So. 3d 221, 224-25 (La. Ct. App. 1st Cir. 2009) ("Dutchtown insists that it was not the

employer of Williams because the pharmacy never directly paid Williams a salary or

issued employee tax forms to him. . . . We do not agree with this proposition.").  After

all, Louisiana law has consistently emphasized that, when determining employer

status for the purpose of wage claims, no one factor "is controlling," and that "the

totality of the circumstances should be considered."  *Jeansonne v. Schmolke*, 40 So.

3d 347, 355 (La. Ct. App. 4th Cir. 2010).  Accordingly, though Cox tries to distinguish

such cases as dealing with independent contractors and not joint employers, the

Court believes that Cox's argument merely highlights a distinction without a

difference given that in each instance the courts are not relying on the formalistic

analysis Cox urges.

The point of the independent contractor cases is that Louisiana wage law is

willing to look past the formalities of an employment relationship to determine

---

[8] R. Doc. No. 26, at 13-16.

[9] R. Doc. No. 20.

[10] Contrary to defendants' suggestion, plaintiffs' complaint does raise such a claim. R. Doc. No. 1, ¶ 26 (alleging "[d]efendants have regularly made unilateral deductions from payments to their employees for a variety of reasons not allowed").  Plaintiffs, however, are cautioned that the use of "et seq." is disfavored, and should not be relied upon in future pleadings.

whether an entity is exercising sufficient control over an individual to constitute their employer.   It would make a mockery of that principle to suggest that potential employers need only embrace a different formality—a dummy, judgment-proof corporation rather than independent contractor status—to do an end run around the law.   Therefore, rather than embracing Cox's proposed formalistic approach, this Court will instead follow past cases examining whether Cox had sufficient control over the plaintiffs to justify recognition as their employer under Louisiana law.   *See, e.g.*, *Mendoza*, 691 F. Supp. 2d at 686; *see also Glover v. Diving Servs. Int'l, Inc.*, 577 So. 2d 1103, 1106 (La. Ct. App. 1st Cir. 1991).[11]   And, for many of the very same reasons noted above, the Court concludes that plaintiffs' allegations that Superior was a mere figurehead, and it was Cox that was in *de facto* control of the plaintiff's ultimate employment, pay, hours, schedules, routes, conduct, and even dress are sufficient to survive a motion to dismiss.   *See, e.g.*, *Carnero*, 2015 WL 225362, at *3 (noting importance of control under both federal and state law); *cf. Lang v. DirectTV, Inc.*, 801 F. Supp. 2d 532, 540 (E.D. La. 2011) ("The same disputed issues of fact regarding defendants' control over plaintiffs for purposes of the FLSA also exist with respect to plaintiffs' [state law] claims . . . .").   Therefore, the motion to dismiss the section 635 claim is denied.

### V.

    Accordingly,

---

[11] To be sure, the Court is not saying that the fact that Superior (and not Cox) was formally issuing the plaintiffs' paychecks is entirely irrelevant.  The Court simply declines to afford that particular formality determinative weight.

**IT IS ORDERED** that the motion to dismiss is **GRANTED IN PART**. Plaintiffs' FLSA claim is **DISMISSED WITHOUT PREJUDICE.**   Plaintiffs are granted leave to amend their complaint by **November 4, 2016**.   Should plaintiffs amend the complaint, any renewed motion to dismiss by Cox is due by **November 11, 2016**.   Cox's brief shall not exceed five pages.   Plaintiffs' opposition to any motion to dismiss is due by **November 18, 2016**.   Plaintiffs' brief shall not exceed five pages. Further, plaintiffs' claims under La. Rev. Stat. §§ 23:631 and 23:632 are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the remainder of the motion to dismiss is **DENIED.**

New Orleans, Louisiana, October 27, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**